IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Shaheen Cabbagestalk, #295567,  )<br>  )<br>              Petitioner,  )<br>  )<br>    v.  )<br>  )<br>Brian P. Stirling,  )<br>  )<br>  )<br>              Respondent.  )<br>_____) | C/A. No. 5:20-1572-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 66) recommending the Court: (1) grant Respondent's motion to dismiss (Dkt. No. 54); and (2) dismiss Petitioner's motion for emergency relief (Dkt. No. 15); motion for a temporary restraining order (Dkt. No. 26); motion to enforce relief (Dkt. No. 32); motion for removal out of SCDC (Dkt. No. 37); and motion for emergency writ of mandamus, (Dkt. No. 51). For the reasons set forth below, the Court adopts the R & R in its entirety.

I.  **Background**

Petitioner, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"). Petitioner brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner does not challenge his conviction or sentence.[1] Rather, Petitioner argues

---

[1] As the R & R notes, Petitioner previously pled guilty to armed robbery and is serving an 18-year term of imprisonment. (Dkt. No. 66 at 2) (*citing Cabbagestalk v. McFadden*, No. 5:14-CV-3771-RMG, 2015 WL 4077211 (D.S.C. July 1, 2015) (denying a previously filed habeas petition by Petitioner)).

1

that based on the existence of the novel coronavirus he should be released from SCDC custody. (Dkt. No. 1).

On July 15, 2020, Respondent filed a motion to dismiss, (Dkt. No. 54), which Petitioner opposes, (Dkt. No. 58).

On August 24, 2020, the Magistrate Judge issued an R & R recommending that Respondent's motion to dismiss be granted. (Dkt. No. 66). Further, the R & R recommend denying Petitioner's various motions seeking injunctive relief. *See* (Dkt. Nos. 15, 26, 32, 37, 51). Petitioner filed timely objections to the R & R. (Dkt. No. 73). Respondent's motion to dismiss and Petitioner's motions for injunctive relief have been fully briefed and are ripe for disposition.

## II.     Legal Standard

### a.   Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where a petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-

RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015).  Petitioner filed objections to the R & R, and the R &R is reviewed *de novo*.

### b. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . .  Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*  Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

**III.     Discussion**

After review of the record, the R & R, and Petitioner's objections, the Court finds the Magistrate Judge accurately set forth the facts and legal principles in this case and adopts the R & R in its entirety.  Specifically, the Magistrate Judge accurately started that statute requires that, before seeking habeas corpus relief, Petitioner exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").  The Magistrate Judge then correctly noted that Petitioner had not exhausted his state-court remedies and that his claims were procedurally barred from review absent a showing of cause and prejudice or a miscarriage of justice. (Dkt. No. 66 at 9-11) (noting "Petitioner has not properly presented his claims regarding the safety in SCDC continuing to detain him while he serves the remainder of his sentence to the South Carolina appellate courts and has therefore failed to properly exhaust his state remedies").  The Magistrate Judge then correctly determined that Petitioner had not made a showing of either cause and prejudice or a miscarriage of justice.  The Court thus finds that Respondent's motion to dismiss must be granted.  Petitioner filed objections to the R & R and the Court addresses them below.

The Court overrules Petitioner's objections. (Dkt. No. 73).  The bulk of Petitioner's objections are non-specific and do not address the R & R.  And while Petitioner objects, in pertinent part, that the Magistrate Judge inaccurately construes his petition, (*Id.* at 1), Petitioner

nowhere explains precisely how the Magistrate Judge committed such error.[2] Petitioner also rehashes arguments previously put forth and rejected by the Magistrate Judge. *Compare* (Dkt. No. 73-4 at 1) (arguing that SCDC has no "jurisdiction" over Petitioner) *with* R & R (Dkt. No. 66 at 12 & n.3) (addressing and rejecting said argument). The Court thus declines to address such objections further.

Finally, the Court finds that the Magistrate Judge accurately found that Petitioner had not met his burden for obtaining injunctive relief. The Magistrate Judge accurately stated that "preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances," *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted), and that Petitioner had not met his burden as prescribed by *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). *Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Petitioner's motions seeking injunctive relief are denied.

IV.     **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 66) as the order of the Court, **GRANTS** Respondent's motion to dismiss (Dkt. No. 54) and **DENIES** Petitioner's motions for injunctive relief (Dkt. Nos. 15, 26, 32, 37, 51).

**Certificate of Appealability**

The governing law provides:

---

[2] And the Court finds, having reviewed the R & R *de novo*, that the Magistrate Judge made no such error.

>(c)(2)   A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>(c)(3)   The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253. A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

September 14, 2020
Charleston, South Carolina

6